IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HRB INNOVATIONS, INC., and | ) | |
| HRB TAX GROUP, INC. | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| FAST CASH TAXES, LLC | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GREGORY A. SOLSRUD | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.     Plaintiffs HRB Innovations, Inc. and HRB Tax Group, Inc. ("Plaintiffs") bring this cause of action against Defendant Fast Cash Taxes, LLC and its owner/operator, Defendant Gregory A. Solsrud, ("Defendants") based on Defendants' intentional trademark infringement.  In particular, Defendants, a competing tax business, are infringing Plaintiffs' federally-registered, incontestable Peace of Mind® trademark, which Plaintiffs have used for nearly two decades to identify (among other tax-related goods and services) their  audit representation, audit assistance, warranties and support services.  Defendants are using a mark – "Peace of Mind" – that is identical to Plaintiffs' Peace of Mind® trademark to

market Defendants' identical goods and services – competing audit representation and support services – in direct competition with Plaintiffs.  Defendants rejected Plaintiffs' repeated demands that Defendants cease their infringing usage of the Peace of Mind® mark, thus necessitating this action.

2.     Defendants' unlawful practices are likely to confuse and deceive consumers and are causing and threatening to cause irreparable injury to Plaintiffs, a lawfully operating competitor.   Accordingly, Plaintiffs seek, *inter alia*, preliminary and permanent injunctive relief, damages, and attorneys' fees to stop and redress Defendants' improper activities.

## **THE PARTIES**

3.     Plaintiff HRB Innovations, Inc. ("HRBI") is a corporation organized under the laws of the State of Delaware and is in good standing with that State.  Its principal place of business is located at 2215-B Renaissance Drive, Las Vegas, Nevada 89119.

4.     Plaintiff HRB Tax Group, Inc. ("HRBTG") is a corporation organized under the laws of the State of Missouri and is in good standing with that State.  Its principal place of business is located at One H&R Block Way, Kansas City, Missouri 64105.

5.     Plaintiffs both are wholly-owned indirect subsidiaries of H&R Block, Inc. and are part of a family of companies (collectively, "H&R Block") that together make up the largest provider of individual income tax preparation services in the United States.  Among other locations, HRBTG operates offices within the State of Georgia at which it provides individual income tax preparation services, and HRBI licenses the trademarks at issue in this suit to HRBTG (and other authorized licensees) for use in this State.

6.     Plaintiffs are informed and believe and on that basis allege that Defendant Fast Cash Taxes, LLC ("FCT") is a Georgia Limited Liability Company with its principal place of business in Georgia.  On information and belief, FCT's principal place of business is located at 5351 Buford Highway, Suite 2, Doraville, Georgia 30340.

7.     Upon information and belief, Defendant Gregory Solsrud ("Solsrud") is the Organizer, Registered Agent, Owner and President of FCT and is a citizen of the State of Georgia.  Upon further information and belief, Solsrud resides at 2488 Kings Point Dr., Atlanta, Georgia 30338 and maintains his principal place of business at 5351 Buford Highway, Suite 2, Doraville, Georgia 30340.

8.     Defendants are not citizens or residents of the State of Missouri, Delaware or Nevada, and so their citizenship is completely diverse from that of Plaintiffs.

9.     Plaintiffs are informed and believe and, on that basis, allege that Defendants operate through multiple offices in Georgia, including offices within this District, through which they provide individual income tax preparation services and other financial and related services in competition with Plaintiffs.  On further information and belief, such offices include:  5351 Buford Highway, Suite 2, Doraville, Georgia 30340; 7074 Highway 85, Suite B, Riverdale, Georgia 30274; 3201 S. Cobb Drive, Suite D2, Smyrna, Georgia 30080; and 3870 Lawrenceville Highway, Suite C-109, Lawrenceville, Georgia 30044.  Plaintiffs are informed and believe that Defendants operate in interstate commerce generally and, in particular, through actions that are designed to increase the number of federal tax returns it files and the sales of related products and services, such as audit representation and support.

## **JURISDICTION AND VENUE**

10.     This action is brought for intentional trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1), and Georgia state law.

11.     The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338 and 15 U.S.C. § 1121.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

12.     In addition, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.  This controversy is between citizens of different states, and the amount in controversy exceeds $75,000.

13.     The Court has personal jurisdiction over Defendants because Defendants are citizens and/or residents of Georgia, maintain offices in Georgia and conduct continuous and systematic commercial contacts with Georgia.  Also, Defendants have purposefully availed themselves of the opportunity to conduct commercial activities in this forum, and this action arises out of those activities.

14.     Venue is proper in this District under 28 U.S.C. § 1391.

## FACTS

**A.     H&R Block's Federally-Registered Peace of Mind® Trademark.**

15.     In 1955, Henry and Richard Bloch transformed their bookkeeping business into a new company that specialized in income tax return preparation. The brothers called their new company H&R Block, Inc.

16.     More than half a century later, H&R Block's position as a market leader and a brand and franchising icon in income tax preparation services is

undeniable. Through the tireless efforts of H&R Block, its employees and its licensees, and through the development and implementation of extensive marketing plans, H&R Block has developed valuable goodwill in the name H&R Block and the trademarks used to identify its goods and services.

17. Among other such marks, H&R Block has been using its federally-registered mark Peace of Mind® (the "Peace of Mind® Mark" or "Plaintiffs' Mark") for nearly twenty years to identify, among other tax-related goods and services, H&R Block's audit representation, audit assistance, warranties and support services.

18. For the past two decades, H&R Block has committed substantial resources to develop and protect its Peace of Mind® Mark.

19. Without limitation to the foregoing, H&R Block and its people have committed significant resources, including without limitation both money and time, to promote H&R Block's goods and services using the Peace of Mind® Mark.

20. By way of example, an illustration of H&R Block's use of Plaintiffs' Mark, from its current website (hrblock.com), is shown below:



## PEACE OF MIND®
## EXTENDED SERVICE PLAN

No matter how complex your tax situation, with our
extended service plan, you receive three years' protection
and audit representation.

### File Your Taxes With Confidence

No one wants any unpleasant surprises after filing. For $35 you receive Audit Assistance PLUS Audit Representation3 (a $250 value) and
your return will be protected for 3 years. We'll pay up to $5,500 in additional taxes owed due to our error.

**How It Works**

- Just let your tax professional know that you want the Peace of Mind Extended Service Plan and pay the additional charge when you pay
  for your tax preparation.
- If you are audited, a qualified H&R Block enrolled agent will accompany or represent you (with Power of Attorney[5]). If you owe
  additional taxes due to our error in the preparation of your return, we'll pay up to $5,500. See Peace of Mind® Claims for more details.
  The Peace of Mind® Extended Service Plan is provided at no additional charge in our Premium offices.
  Read our Peace of Mind® Extended Service Plan Terms & Conditions for more details.

(*See* http://www.hrblock.com/tax-offices/tax-prep/extended-service.html).

21.     As a result of H&R Block's efforts, Plaintiffs' Mark has acquired

strong, valuable secondary meaning and goodwill in the minds of consumers, who

readily associate the Peace of Mind® Mark with H&R Block and its goods and

services, including in particular with its extended service plan and audit

representation and assistance services.

22.     To protect those hard-earned interests, H&R Block federally-

registered the Peace of Mind® Mark with the United States Patent and Trademark

Office.

23.   Plaintiffs' Mark, as federally-registered since April 12, 2005, is shown below:

# PEACE OF MIND

(*See* United States Patent and Trademark Office Registration No. 2939919).

24.   **Exhibit A** is a true and correct copy of a printout from the PTO's Trademark Electronic Search System reflecting the registration of Plaintiffs' Mark.

25.   As indicated on Exhibit A, Plaintiff HRBI is the registered owner of the Peace of Mind® Mark, which it licenses for use by Plaintiff HRBTG and others within the H&R Block family.

**B.    Defendants are Intentionally and Willfully Infringing on Plaintiffs' Legally Protected Trademark and Using Additional Unlawful Methods in Direct Competition with Plaintiffs.**

26.   Defendants are direct competitors of Plaintiffs in the tax preparation industry.

27.   Among other competing products and services, Defendants and Plaintiffs each offer income tax preparation and related services, including audit representation, assistance and support, in direct competition with one another.

28.   Defendants and Plaintiffs compete for the same clients and draw from the same client pool, including in and around Doraville, Riverdale, Smyrna and Lawrenceville, Georgia.

29.     Indeed, Defendants offices are within very close proximity to many of Plaintiffs' offices.  For instance, there are more than 5 H&R Block offices within 5 miles of the known offices of Defendants, including H&R Block offices within 1 mile of each of Defendants' Doraville and Riverdale offices and within approximately a block of Defendants' Smyrna office.

30.     Moreover, Defendants and Plaintiffs target their sales efforts to the same consumers and market through the same channels, including without limitation, through the Internet, on their respective websites and Facebook pages.

31.     As described herein, Defendants are using multiple unlawful practices to unfairly compete with Plaintiffs and are threatening and causing Plaintiffs significant and irreparable injury by these acts.

**1.      Defendants' Infringement Of Plaintiffs' Peace of Mind® Mark.**

32.     Defendants are capitalizing on H&R Block's efforts and goodwill by misusing a mark identical to the distinctive Peace of Mind® Mark to compete directly with H&R Block in the tax return preparation industry in an attempt to confuse and mislead the consuming public.

33.     Defendants seek to trade off H&R Block's reputation and goodwill by intentionally infringing and unlawfully trading upon H&R Block's protected trademark rights and earned goodwill in the Peace of Mind® Mark.

34.     Specifically, Defendants have misappropriated Plaintiffs' Peace of Mind® Mark and are using an identical mark – "Peace of Mind" – in commerce to market and identify identical goods and services (Defendants' audit representation, support and related services), in direct competition with Plaintiffs' legitimate offering of its own Peace of Mind® audit representation, support and other services.

35.     By way of illustration, the following is a true and correct screenshot from fastcashtaxes.com, which, upon information and belief is Defendants' website:



(*See* http://fastcashtaxes.com/client-relations/audit-assist-guarantee/ (highlighted emphasis supplied)).

36.     A true and correct copy of a printout of this webpage as of March 25, 2014 is attached hereto as **Exhibit B**.

37.     Defendants do not have the consent of Plaintiffs to use the Peace of Mind® Mark.

38.     Defendants have no need to use the Peace of Mind® Mark as ordinary language to describe their services and, in fact, they are not using Plaintiffs' Mark as a descriptive meaning of the services offered.

39.     Rather, as evidenced by the screenshot above, the circumstances, including Defendants' repeated emphasis upon the identical "Peace of Mind" mark by capitalizing it and offsetting it with quotes, indicate that Defendants intentionally and willfully copied Plaintiffs' protected Peace of Mind® Mark and incorporated an identical mark into their marketing of identical goods and services with the intent to cause confusion in the marketplace and unjustly trade on H&R Block's goodwill and reputation.

### 2.     Defendants' Refusal To Refrain From Their Infringement

40.     In an effort to avoid this lawsuit, Plaintiffs wrote to Defendants on two separate occasions about their trademark infringement and on both occasions demanded that Defendants immediately cease and desist their misconduct, but

Defendants refused.   True and correct copies of the parties' pre-Complaint correspondence on this issue is attached hereto as **Exhibit C**.

41.   Indeed, in further effort to avoid this lawsuit, Plaintiffs' counsel spoke with Defendant Solsrud on March 6, 2014.   Mr. Solsrud made clear during that conversation that Defendants intended to continue using Plaintiffs' Mark, in spite of Plaintiffs' demands.

42.   Prior to filing this Complaint, Plaintiffs also sent a copy of this Complaint to Defendants with a third cease and desist letter on March 25, 2014.   A true and correct copy of that letter is attached hereto as **Exhibit D**.

43.   On March 27, 2014, having received no response to the March 25, 2014 letter, Plaintiffs' counsel followed up on the letter by calling Defendant Solsrud.   Plaintiffs' counsel left a detailed voice message for Mr. Solsrud, which included a request that Mr. Solsrud return the call.   As of this filing, Defendants have not responded to either the March 25 letter or March 27 phone call.

44.   Defendants continue to refuse Plaintiffs' demands and have persisted in their infringement, even after receiving direct and repeated notice of Plaintiffs' claims.

45.   Defendants' infringement of Plaintiffs' Mark is likely to confuse consumers and cause damage, including irreparable injury, to Plaintiffs.

46.    Accordingly, Plaintiffs come to this Court for appropriate legal and equitable relief prohibiting Defendants from engaging in such infringement.

## COUNT I - Lanham Act Trademark Infringement
### (HRBI against Defendants)

47.    Plaintiffs incorporate herein all prior allegations.

48.    HRBI owns and properly holds the exclusive rights to the Peace of Mind® Mark and the related federal registration of this Mark.

49.    The Peace of Mind® Mark is valid and protectable.

50.    The Peace of Mind® Mark is unique and not generic.

51.    The Peace of Mind® Mark is strong and distinctive and has widespread marketplace recognition and secondary meaning.

52.    The Peace of Mind® Mark has been in continuous use by H&R Block subsequent to its registration (as well as before then), for the entire period to date, including in Georgia.

53.    Without limitation to the foregoing, the registered Peace of Mind® Mark has been in continuous use for five consecutive years subsequent to the date of such registration and is still in use in commerce by Plaintiffs.  As such, the Peace of Mind® Mark is incontestable under 15 U.S.C. § 1065.

54.    There is no proceeding contesting HRBI's rights to the Peace of Mind® Mark or registration of this Peace of Mind® Mark listed above.

55.     There have been no adverse decisions regarding HRBI's ownership or right to registration of the Peace of Mind® Mark.

56.     Defendants presently are using a mark identical to the Peace of Mind® Mark.

57.     Defendants are using the identical mark in commerce to promote Defendants' competing tax preparation services, including their audit representation and support services, without any consent or authorization to do so.

58.     Defendants are using their infringing mark in connection with the identical goods and services that Plaintiffs offer under the Peace of Mind® Mark.

59.     Defendants' actions are likely to create confusion among potential clients, as Defendants and Plaintiffs are competitors and draw clients from the same client pool.

60.     Upon information and belief, Defendants intend to create and are creating confusion by using a mark identical to the Peace of Mind® Mark to promote Defendants' competing tax preparation business, goods and services.

61.     On information and belief, through their use of a mark infringing Plaintiffs' Mark, Defendants have intentionally, willfully and with knowledge sought to cause consumer confusion, mistake and deception.

62.    The above described acts and practices constitute violations of Section 32(a) of the Lanham Act (15 U.S.C. § 1114).

63.    HRBI has been or is likely to be injured as result of the material infringement of the Peace of Mind® Mark, by direct diversion of sales from H&R Block to Defendants, by loss of goodwill associated with H&R Block's goods and services and/or by diminution in value of the Peace of Mind® Mark.

64.    Unless Defendants are enjoined by this Court from continuing to infringe HRBI's Peace of Mind® Mark, the consuming public will continue to be confused and H&R Block will suffer a loss of consumer confidence, sales, revenue and goodwill, to the irreparable injury of HRBI.

65.    HRBI has no adequate remedy at law that would fully compensate it for injuries caused and continuing to be caused by Defendants' conduct as described herein.

## COUNT II – Common Law Trademark Infringement
### (Plaintiffs against Defendants)

66.    Plaintiffs incorporate herein all prior allegations.

67.    By virtue of their longstanding and continuous use of Plaintiffs' Mark in Georgia in connection with Plaintiffs' goods and services, Plaintiffs have acquired common law rights to the Peace of Mind® Mark in connection with those goods and services in this State.

68.     Defendants' actions have caused, or will likely cause, confusion as to the origin or sponsorship of their goods and services and convey the false and misleading impression that H&R Block provides, sponsors, endorses or is otherwise affiliated with Defendants and their goods and services in Georgia.

69.     Plaintiffs are informed and believe and on that basis allege that Defendants have been trading upon and continue to unfairly trade upon and appropriate the prestige, reputation, notoriety, fame and goodwill of Plaintiffs, and are thereby deceiving the public.

70.     The acts of Defendants constitute trademark infringement under the common law of the State of Georgia.

71.     Plaintiffs have been or are likely to be injured as result of Defendants' conduct, by direct diversion of sales from H&R Block to Defendants, by loss of goodwill associated with their services and/or by diminution in value of the Peace of Mind® Mark.

72.     Unless Defendants are enjoined by this Court from continuing to infringe Plaintiffs' Mark, the consuming public will continue to be confused and Plaintiffs will suffer a loss of consumer confidence, sales, revenue and goodwill, to the irreparable injury of Plaintiffs.

73.     Plaintiffs have no adequate remedy at law that would fully compensate them for injuries caused and continuing to be caused by Defendants' conduct as described herein.

## COUNT III – Fraudulent Trademark (O.C.G.A. 23-2-55)
### (Plaintiffs against Defendants)

74.     Plaintiffs incorporate herein all prior allegations.

75.     On information and belief, Defendants attempted to encroach upon Plaintiffs' directly competing business by the unauthorized use of an identical mark that infringes Plaintiffs' Mark.

76.     On further information and belief, Defendants acted with the intention of deceiving and misleading the public.

77.     Plaintiffs have been or are likely to be injured as result of Defendants' conduct, by direct diversion of sales from Plaintiffs to Defendants, by loss of goodwill associated with their services and/or by diminution in value of the Peace of Mind® Mark.

78.     Unless Defendants are enjoined by this Court from continuing to infringe Plaintiffs' Mark, the consuming public will continue to be confused and Plaintiffs will suffer a loss of consumer confidence, sales, revenue and goodwill, to the irreparable injury of Plaintiffs.

79.    Plaintiffs have no adequate remedy at law that would fully compensate them for injuries caused and continuing to be caused by Defendants' conduct as described herein.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

(a)    issue a preliminary and permanent injunction ordering that Defendants, their agents, servants, employees, representatives, subsidiaries, franchisees and affiliates refrain from directly or indirectly using in commerce or causing to be published or otherwise disseminated any promotional materials, marketing, signage, advertising, or other utilization of the Peace of Mind® Mark, the "Peace of Mind" name, and any other confusingly similar indicia;

(b)    issue a preliminary and permanent injunction ordering Defendants to remove, or cause to be removed, all advertisements, banners, signs, placards, Internet content, flyers and other promotional materials that state or communicate the Peace of Mind® Mark, the "Peace of Mind" name, and any other confusingly similar indicia;

(c)    award Plaintiffs:

      i.    Defendants' profits, gains, and advantages derived from Defendants' unlawful conduct;

ii.     all damages sustained by Plaintiffs by reason of Defendants' unlawful

conduct;

iii.    treble damages pursuant to 15 U.S.C. § 1117;

iv.    exemplary and punitive damages as the Court finds appropriate to

deter any future willful conduct; and

v.     interest on the foregoing sums;

(d)     award Plaintiffs' attorneys' fees and costs because, *inter alia*, Plaintiffs are

"prevailing parties" under the Lanham Act; and

(e)     grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by jury of

all issues triable of right by a jury.

This 28th day of March, 2014.

By: /s/ Jennifer B. Grippa
Jennifer B. Grippa
GA Bar No. 278698
**MILLER & MARTIN PLLC**
1170 Peachtree Street, N.E., Suite 800
Atlanta, Georgia  30309
Telephone:  (404) 962-6100
Facsimile:  (404) 962-6300
jgrippa@millermartin.com

-and-

Anthony J. Durone*
MO Bar No. 43872
Stacey Gilman*
MO Bar No. 55690
**BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT LLP**
2600 Grand Blvd., Suite 1200
Kansas City, Missouri 64108
Telephone:  (816) 561-7007
Facsimile:  (816) 561-1888
adurone@berkowitzoliver.com
sgilman@berkowitzoliver.com
*pro hac vice applications forthcoming*

*Attorneys for Plaintiffs*

## <u>LR 7.1(D), NDGa. CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing brief was prepared with one of the font (Times New Roman) and point (at least 14 point) selections approved by the Court in LR 5.1C, NDGa.

This 28th day of March, 2014.

By: /s/ Jennifer B. Grippa
Jennifer B. Grippa
GA Bar No. 278698
**MILLER & MARTIN PLLC**
1170 Peachtree Street, N.E., Suite 800
Atlanta, Georgia  30309
Telephone:  (404) 962-6100
Facsimile:  (404) 962-6300
jgrippa@millermartin.com

-and-

Anthony J. Durone*
MO Bar No. 43872
Stacey Gilman*
MO Bar No. 55690
**BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT LLP**
2600 Grand Blvd., Suite 1200
Kansas City, Missouri 64108
Telephone:  (816) 561-7007
Facsimile:  (816) 561-1888
adurone@berkowitzoliver.com
sgilman@berkowitzoliver.com
*pro hac vice applications forthcoming*

*Attorneys for Plaintiffs*